FILED

FEB 23 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
　　　　　　　　DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

**Elena Sammons,**
**Michael Sammons,**
　　Plaintiffs,

SA18CA0183 XR

v.　　　　　　　　　　　　　　　Case No. SA18-_____

JURY DEMAND

**Just2Trade,**
**Adam Xing Wang**
　　Defendants.

## COMPLAINT

Plaintiffs Elena Sammons and Michael Sammons ("Plaintiffs") bring this action against Defendants Just2Trade, Inc. and Adam Xing Wang for fraud, conversion, and breach of contract implied duty of good faith and fair dealing. In support of this complaint, Plaintiffs allege as follows:

### JURISDICTION AND VENUE

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 where the Plaintiffs are residents of Texas, Defendant Just2Trade is a Delaware corporation with its main office in New York, and Defendant Adam Xing Wang is a resident of New York, and the amount in controversy exceeds $75,000.

1

Venue exists in Bexar County, Texas because Defendants are licensed to do business in Texas, are actively conducting business in Texas, and the contract at issue in this case was executed in Bexar County, Texas.

## THE PARTIES

1. Plaintiffs are individuals who at all times relevant hereto were, and are now, citizens of Texas residing in San Antonio, Texas.

2. Plaintiff Just2Trade, Inc., a Delaware corporation, is a stock and bond broker dealer licensed to offer its services in Texas. Its main office address is 1 Penn Plaza, 16th Floor, NY, NY 10119.

3. Plaintiff Adam Xing Wang is now, and for all relevant periods hereto was, the CEO of Just2Trade, Inc.

## FACTS

4. Beginning on February 1, 2018 Just2Trade began charging $50.00 per month for each of the eleven securities it held for the Plaintiffs which Just2Trade had classified as "worthless securities." Prior to that date, going back almost 10 years, Just2Trade had never charged a monthly fee, or any other fee, for holding "worthless securities."

5. The value of the Plaintiffs' retirement account with Just2Trade was approximately $50,000 in February, 2018. The account, with $6,600 per year deducted for the new "worthless securities," would be completely

wiped out in approximately 91 months.

6. The actual cost to Just2Trade for holding such "worthless securities" was pennies per month. At the time of the initial 2009 contract between the parties, such contract required that for such assets, that up to $250 per security must be maintained in the account (minimum $2500 total) to pay for any necessary corporate action fees. Since 2009 none of the eleven "worthless securities" have seen such corporate action requiring a separate corporate action fee from Just2Trade.

7. With the exception of RINO and CDNN, none of the eleven "worthless securities" could be transferred to another broker-dealer because those stocks no longer traded on any exchange or had a stock transfer agent.

8. Plaintiffs do not believe that the eleven "worthless securities" are in fact worthless. Various state court judges had held that the shares have substantial value, even if they no longer trade (as do many valuable private companies), and such courts have appointed a receiver to recover value for shareholders. The stock symbols for those companies were WKBT, QXM (and related XING), CNEP, RINO, and CHGY. The pending receiver for

CHGY, and the court-appointed receiver for RINO, and CNEP, has already found millions in recoverable assets.

9. Just2Trade wanted to transfer its clearing business from COR Clearing to Vision, Inc. The problem was that Vision, Inc. would not accept any account with "worthless securities" in it.

10. Just2Trade realized that, with very few exceptions, no customer could transfer a security without a transfer agent to any other broker-dealer. Any customer with such a security held by Just2Trade was therefore trapped, unable to transfer such securities out.

11. Just2Trade also knew, or through reasonable due diligence should known, that various court-appointed receivers could be expected to recover over $1,000,000 for the "worthless securities" held for the Plaintiffs by Just2Trade. However, such recovery could take up to eight years.

12. Just2Trade concocted a scheme to coerce the Plaintiffs into giving Just2Trade ownership of these non-tradable (but very valuable) securities, worth over $1,000,000, for free. If Plaintiffs did not transfer such securities out of Just2Trade, which Just2Trade knew was *impossible*, Just2Trade gave Plaintiffs this grossly unfair Hobson's choice: (a) give such securities to Just2Trade for free, or (b) pay

Just2Trade $6,600 per year until their entire $50,000 retirement nest egg was confiscated by Just2Trade.

13. On or about February 16, 2018 the Plaintiffs attempted to transfer out of their account about $20,000 in assets, which included stocks RINO, CDNN, and PFH (all of which still traded) intending to leave $30,000 in assets with Just2Trade; however, Just2Trade refused to complete the requested transfer to Merrill Edge, with no explanation whatsoever to the Plaintiffs, not willing to allow any of the Plaintiffs' assets to escape.

## COUNT 1: Conversion

14. Plaintiffs repeat and re-allege each and every allegation contained above and as if fully set forth herein.

15. Just2Trade has effectively seized all the assets held by Plaintiffs in their retirement IRA account, refusing to allow them to withdraw or transfer out any assets, constituting conversion.

## COUNT 2: Fraud

16. Plaintiffs repeat and re-allege each and every allegation contained above and as if fully set forth herein.

17. Just2Trade has willfully and recklessly, with malice, breached its fiduciary duty to the Plaintiffs to safeguard

the Plaintiffs' assets entrusted to Just2Trade, amounting to fraud.

### COUNT 3: Breach of Contract Implied Duty of Good Faith and Fair Dealing

18. Plaintiffs repeat and re-allege each and every allegation contained above and as if fully set forth herein.

19. Defendants acted in bad faith, with malice, dishonestly, and with improper motive to destroy or injure the right of the Plaintiffs to receive the benefits and reasonable expectations from their 2009 contract with the Defendants.

20. Once Just2Trade realized that it was impossible for the Plaintiffs to transfer out any non-tradeable security, Just2Trade realized it could charge any exorbitant predatory monthly fee it chose. In fact, Just2Trade raised the fee from $0 per year to $6,600 per year.

21. Just2Trade's scheme, to unconscionably benefit from a change in circumstance which made it *impossible* for Plaintiffs to transfer securities out, by raising its annual fee for holding such non-transferrable securities from essentially $0 per year (2009-2017) to $6,600 per year (2018 on), where the actual holding expenses were pennies per year, or to coerce the Plaintiffs into giving Just2Trade their valuable non-transferrable securities

for free, was a unilateral amendment of the 2009 contract between the parties instituted in violation of the implied duty of good faith and fair dealing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek a jury trial and judgment as follows:

(1) Compensatory damages of $2,000,000, and punitive damages of $2,000,000;

(2) Granting such other and further relief as the Court deems just and proper.

Date: February 23, 2018

Respectfully submitted,

*/s/ Michael Sammons*
Michael Sammons
15706 Seekers St
San Antonio, TX  78255
210-858-6199
michaelsammons@yahoo.com

*/s/ Elena Sammons*
Elena Sammons
15706 Seekers St
San Antonio, TX  78255
210-858-6199
michaelsammons@yahoo.com